HARDER et al. v. UNITED STATES PILING CO.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1908.)

No. 1,360.

1. PATENTS—VALIDITY—FEATURES NOT CLAIMED.

A patent is not granted nor to be sustained by what the patentee may have done in fact, but only for what he particularly points out and distinctly claims.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 241.]

2. SAME—INFRINGEMENT—SHEET PILING.

The Harder patent, No. 771,426, for a sectional sheet piling, construed, and in view of its limitations by the prior art *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below, see 149 Fed. 434.

Appellants' bill on account of alleged infringement of patent No. 771,426, issued to Harder on October 4, 1904, for metal sheet-piling was dismissed for want of equity.

The claims of the patent, with explanatory parts of the drawings and specifications, are as follows:

"This invention relates to improvements in metal sheet-piling for use in the construction of sea-walls, levees, docks, coffer-dams, caissons, bridge-pier foundations, sheeting for mine-shafts, and all similar work whether of a permanent or temporary character.

"This invention has for its object to provide beam-piling sections in which the interlocking features necessary in holding the sections loosely together when assembled in a wall structure is made an integral part of the piling-sections, which are duplicates of each other, and dispenses with the use of a separate locking means mechanically secured to the beams."

"One edge of each beam-section is formed with a straight cross-flange, B, like that of the ordinary I-beam flanges. The other edge is provided with a similar cross-flange, C, having an inturned angle-hook extension, a, from what would be the terminal edges of the cross-flange part and forming an integral interlocking beam edge of a contour corresponding to the letter C. The respective hook edges, a, stop short of each other and leave a longitudinal opening, b, for the reception of the adjacent web part of the joining beam-sections. In assembling the sections the cross-flange B of next joining beam-section telescopes endwise into engagement with the longitudinal groove or recess, D, formed in the C edge, the hook edges, a, overlapping the inner side of the flange B. and locks the parts together, as shown in Fig. 1. The groove. D, and the engaging flange will be of a corresponding shape, so as to comparatively form a tight joint and at the same time permit of the parts being assembled or separated with facility. By means of this integral locking arrangement much valuable time, material, and expense is saved, as the use of all separate parts, such as angle and Z irons, are entirely dispensed with.

"The contour of the interlocking engaging parts may be varied or changed, as shown in the modification Fig. 5, and without materially departing from the characteristic features of the improvement set forth.

"In the modification referred to the groove or recess, E, in the C part presents a greater area, the hook edges, d, being more widely extended, the engaging flange, F, being correspondingly large, with a greater slope to the bearing sides overlapped by the clamping-hook edges of the engaging section.

"Having thus described my invention, what I claim, and desire to secure by letters patent, is:

"1. In sheet-piling, a beam section, provided on one of its edges with an integral cross-flange and having a flanged recess in the other edge corresponding to the contour of said cross-flange.

"2. A beam piling-section, comprising in its integral structure, a web part, a cross-flange on one edge thereof, and a cross-flanged recess in the opposite edge.

"3. A beam piling-section, having a straight cross-flange on one of its edges and a C-shaped flange on the other edge.

"4. In sheet-piling, a beam-section provided with a C-shaped flanged edge and a companion beam provided on its joining edge with a cross-flange engaging the recessed C edge."

Appellee owns the Behrend patent, No. 639,884, December 26, 1899, and insists that the piling made by it is in accordance with the teachings of that patent. The exact form of appellee's piling, of which complaint is made, is not shown in any of the drawings, but comes nearest to Fig. 9:

*Fig. 9.*

A "packing-groove," which is an essential element of the Behrend patent, is thus described in the specification: "Edge, 1, of each pile is made large enough so that its groove, 2, will embrace and form a sliding connection with the smaller or opposite edge, 3, of the next adjacent pile. * * * Packing groove, 4, is made in one of the edges of each pile, preferably the smaller edge. 3, although it may be formed in either edge or partly in both." Stating that it was evident that changes might be made in the form and arrangement of the several parts described without departing from the spirit and scope of his invention, Behrend claimed "a pair of piles having a tongue-and-grooved connection, with a packing-groove formed between them." In practice, appellee's packing-groove is the space between groove, 2, of Fig. 9, and edge, 3, flattened as if cut across at the bottom of groove, 4. This structure, appellants say, is not protected by the Behrend, but is an infringement of claims 3 and 4 of the Harder patent. In the Dodge patent, No. 103,028, May 17, 1870, the inner interlocking member has a straight edge at a right angle with the web.

John G. Elliott, for appellant.

Thomas F. Sheridan and Clarence Byrnes, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). In Harder's statement the only inventional idea was to provide a locking means that should be an integral part of the beams instead of a locking means that was mechanically secured to the beams. He carried out the idea by making the "inturned angle-hook extension" that had theretofore been mechanically secured to one of the flanges of the ordinary I-beam, integral with the flange. He prescribed that the engaging flange and the flanged recess should be of corresponding shape so as to form a comparatively tight joint, and also be loose enough to permit the assemblage and separation of the parts with facility. On this disclosure of idea and of means, he claimed a monopoly, first, of all integral locking arrangements of a tongue and groove nature, and then of certain specific forms of the generic invention. He was soon apprised of his mistake by the examiner's references to Dodge and Behrend, and nothing remained but the possibility of securing claims that might be distinguished from the integral locking arrangements of the prior art. And in this light must the questions of scope of invention and of infringement be considered.

As Dodge and Behrend had disclosed the general idea of providing piling sections with integral interlocking means, there was no invention in Harder's making an old specific form of interlocking means an integral part of an old specific form of I-beam, unless the adaptation resulted in some material advantage beyond that of having in one piece what had before existed in two.

A solution of a vexatious problem, a new result, a benefit to mankind that justified the grant of the patent, is claimed, not on anything that Harder stated with reference to the nature and scope of the alleged invention, but on a theory of appellants' experts: If the Behrend or other metal piling of the older art were cast, it would be too brittle to withstand the blows of the pile driver. If wrought from steel otherwise than by the roller process, it would be too expensive for common use. The old forms could not be successfully rolled. To overcome these objections was the problem. Harder solved it by showing the forms that are covered by the claims of his patent.

If in truth Harder understood the now stated objections, and was the first to conceive and imbody a way of overcoming them, he carefully refrained from saying so. Now a patent is to be sustained, not for what an inventor may have done in fact, but only for what he "particularly points out and distinctly claims" in his open letter. Fastener Co. v. Kraetzer, 150 U. S. 116, 14 Sup. Ct. 48, 37 L. Ed. 1019; Indiana Mfg. Co. v. Crocker Chair Co., 103 Fed. 496, 43 C. C. A. 287; Avery & Son v. J. I. Case Plow Works, 148 Fed. 214, 78 C. C. A. 110.

According to appellants' experts' theory of invention the important feature was the flat end of the inner interlocking member. The corresponding element of the older structures could not be rolled in connection with the embracing member without warping the beam. Though Harder said nothing about this, or whether his form of piling beam should be cast or rolled, it is contended that the invention as now explained was pointed out in the patent with sufficient particularity and claimed with sufficient distinctness because the skilled

mechanic already knew that wrought metal was superior to cast metal for piling, that the only wrought metal of the requisite cheapness was rolled steel, and that in rolling steel beams with headed or flanged edges the lateral pressure on one edge must be balanced by a similar pressure on the other edge. This contention leads further, we think, than appellants intended. In modifying the Behrend piling as pictured in Fig. 9, no invention, but only the skill of appellants' aforesaid mechanic, was required in opposing the lateral pressure necessary in forming the larger head with a lateral pressure that had the natural effect of flattening the smaller head. So no construction can properly be given to the Harder patent which would cover appellee's present practice under the Behrend patent.

The decree is affirmed.