### BRAUN v. JOHN GRIFFITHS & SON CO.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1916.)

No. 2276.

1. PATENTS ⬅165—CONSTRUCTION—CLAIMS.
    The monopoly of a patent is limited in its scope to the claims thereof.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig.
    ⬅165.]

2. PATENTS ⬅328—INFRINGEMENT—WHAT CONSTITUTES.
    Patent No. 1,015,989, for an improvement in metal door frames, *held* as limited by the claims not to be infringed, by metal door frames constructed by defendant.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Jacob Gottfried Braun against John Griffiths & Son Company. From a decree for defendant, complainant appeals. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This action was brought by appellant charging infringement of patent No. 1,015,989 to Buchholz, for improvement in door frames, title to the patent having by mesne assignment passed to appellant. The District Court dismissed appellant's bill for want of equity.

The claims of the patent of which infringement is alleged are sufficiently shown in Fig. 4 of the patent, which is as follows:

Fig. 4

This shows a section of a metal door frame $d'$, having inwardly extending vertical ribs $g$, $g'$ on the inner surface of the opposite sides or jambs. Engaging the inner surface of the sides or jambs, extending transversely between them is shown a piece of metal $i'$, having its ends recessed to receive the projecting rib on either side.

The claims of which infringement is charged are as follows:

"1. A metallic door frame provided with a pair of vertical ribs, in combination with a bracing cross-bar of solid construction, extending transversely from one jamb of said door frame to the other, recessed in its ends to permit adjusting said bar up or down in said frame on said ribs without separation, thus varying the point at which said frame will be braced."

"2. A metal bar of door frame form and U-shape in cross section provided with vertical ribs, in combination with bracing cross-pieces of solid construction, extending transversely from one jamb of said frame to the other, recessed to fit said ribs and adapted to be raised and lowered in said frame while engaging said ribs."

The alleged infringing structure appears in Fig. 1 of complainant's exhibit of drawings of defendant's device, and is as follows:

FIG. 1

The use complained of is in door frames employed in the construction by appellee of the new Cook County, Illinois, Hospital. The metal door frames there used are of heavy rolled steel having inwardly projecting flanges $g$, $g'$ on the sides or jambs. The contract for the building required that the metal door frames be anchored to the walls, and for such anchor appellee employed single pieces of thin sheet metal, transversely corrugated, cut substantially to fit into the section of the door frame, and extending from the door frame back into the wall, engaging inwardly projecting flanges of the door frame by slots or shoulders in the sheet metal anchor at $g$, $g'$, the sheet metal

having small holes through it so that the grout or mortar of the wall may have better hold. The anchor may be raised or lowered at any point along the frame and thus laid into the wall at any place where it is desired during the construction of the wall to have the frame anchored to it.

It is claimed on behalf of appellee that claims 1 and 2 are invalid because of inventions shown in various prior patents, notably a patent of the German government published March 18, 1909, and United States patent to Shean No. 978,948, December 20, 1910; and that in any event claims 1 and 2 are not infringed by appellee's structure.

Frank T. Brown, of Chicago, Ill., for appellant.

Charles C. Linthicum and William N. Cromwell, both of Chicago, Ill., for appellee.

Before KOHLSAAT and ALSCHULER, Circuit Judges, and ANDERSON, District Judge.

ALSCHULER, Circuit Judge (after stating the facts as above). There is no issue here as to the right to use a metal door frame having vertical ribs or flanges extending inwardly from the door jambs. The claims in issue are for metal door frames of such construction, "in combination with a bracing cross-bar of solid construction extending transversely from one jamb of said door frame to the other," etc., as stated in claim 1, and "in combination with bracing cross-pieces of solid construction extending transversely from one jamb of said frame to the other," etc., as described in claim 2.

The claims make no reference to the use of the cross-bar or cross-pieces in relation to anchorage of the frame to the wall. Claims 4 and 5, which are not in issue, refer to slots in the cross-pieces adapted to receive the ends of a "hold-fast" in the wall, but even if these claims were in issue, no such alleged infringing structure is here claimed.

The expert testifying for appellant construes claims 1 and 2 as having reference to means for anchoring the door frame into the adjacent wall, and he attaches little importance to the expressions "solid construction" and "bracing" as employed in the claims, stating that the phrase "solid construction" is a curious one, and he could not, in the absence of the file history, state what it means. The same expert says that the specification of the patent throws little light on this language of the claims, and in his opinion the alleged "bracing" action seems to be of very little practical importance.

But it might be of considerable importance if the material of the frame itself were not stiff enough to afford the necessary resistance to shocks. Frames may be of thick or of thin material. The specification and drawings of the patent do not indicate what is there contemplated. The thinner the material the greater utility will be found in the bracing action of solid metal cross-pieces. The thicker and stiffer the material of the frames the less necessity would there be for additional bracing. There seems to be nothing complicated or mysterious about this. The language of the claims is such that if there is nothing novel or useful in the "bracing" cross-pieces of "solid construction" the patentee takes nothing by these claims.

[1] The fact that door frames can be made of metal thick and stiff enough to obviate the necessity for the additional bracing afforded

by metal cross-pieces of solid construction cannot authorize abandonment of the claims in this connection, and a revival of them as an element in some anchoring device, merely because they might also be useful in such a function. The monopoly of the patent is limited in its scope to the claims thereof. White v. Dunbar, 119 U. S. 47, 7 Sup. Ct. 72, 30 L. Ed. 303; Cimiotti, etc., Co. v. Am. Fur Ref. Co., 198 U. S. 399, 25 Sup. Ct. 697, 49 L. Ed. 1100; McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800; Harder v. U. S. Piling Co., 160 Fed. 463, 87 C. C. A. 447 (7th Circuit); Wolff Truck Frame Co. v. Am. Steel Foundries, 195 Fed. 940, 115 C. C. A. 628 (7th Circuit).

[2] It is claimed for appellant that any metal, however thin, placed in the frame extending from one side to the other, would have some bracing effect, and would therefore be readable on claims 1 and 2. The file history which is in evidence shows that claims 1 and 2 were originally drawn to cover any iron or steel that might be employed for a cross-piece, but that the claims were not thus broadly allowed. The terms "bracing" and "of solid construction" were afterwards inserted. This was done to avoid conflict with the prior Shean patent, No. 978,948, for wall-tie, granted December 20, 1910. This patent shows a metal door frame, and extending into and adjustably attached to it a corrugated sheet metal piece extending also into the wall, for the purpose of anchoring the frame to the wall. Referring to this invention Buchholz said in a letter to the Commissioner of Patents November 6, 1911, that the Shean construction had no bracing crossbar, and cannot brace the door frame; and as to the words "bracing" and "of solid construction," which the said letter adopts by way of amendment to the claims, it is stated in the letter, "We have inserted a few words to make the differences more salient," thus indicating that the inventor differentiated between his solid bracing bar or cross-piece and the corrugated sheet metal of the Shean patent.

The specification of the patent seems to contemplate just such a function of the cross-piece as is stated in claims 1 and 2, wholly independent of the function of anchorage. It is there said:

"The arrangement of parts as described secures a considerable strengthening of the door frame so that any shocks or the like happening against one side are taken up by the other and thus reduced in action, so that the door frame is kept securely in place and position, even in case of excessive strain."

If the purpose to be accomplished is, as expressed in these claims and specification, to increase the resisting power of the frame itself as against any shock applied to one side, by communicating the shock through means of the solid bracing piece to the other side, it is manifest that nothing short of a solid piece of metal or its equivalent would do this. It seems clear to us that the structure complained of is an anchor pure and simple. It is not a cross-piece of "solid construction," nor does it have a "bracing" effect within the purview of claims 1 and 2 of the patent.

The transverse corrugations of the sheet metal would, in some degree, add to the stiffness of it if pressure were brought against its edges, but we believe that as a resisting agent in a metal door frame

this would be quite negligible. The purpose and effect of the corrugation was well, and probably truthfully, expressed by witness Mendenhall, who said "it was in order to have a better bond in the mortar joint."

Being of the opinion that appellee's device does not infringe claims 1 and 2 of the patent in issue, it will not be necessary to determine whether the Shean patent and the German patent referred to show prior invention by others than Buchholz.

The decree of the District Court dismissing the bill for want of equity is affirmed.