KNIGHT SODA FOUNTAIN CO. v. WALRUS MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.  April 4, 1919.)

No. 2632.

1. PATENTS ⬦⬦328—VALIDITY AND INFRINGEMENT—COMBINED JAR AND DIPPER.

The Faries patent, No. 779,271, for a jar and dipper for serving crushed fruit, etc., claim 3, *held* not infringed. Claims 4 and 5 *held* invalid for indefiniteness, in view of the prior art.

*2. PATENTS ⬦⬦165—MEASURE OF INVENTION—DEFINITENESS OF CLAIMS.

A patent is sustained, not for what the inventor may have done in effect, but for what is pointed out clearly and distinctly in his claims. As much as is not so claimed belongs to the public.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Walrus Manufacturing Company against the Knight Soda Fountain Company. Decree for complainant, and defendant appeals. Reversed.

Donald M. Carter, of Chicago, Ill., for appellant.

Harry Lea Dodson, of Chicago, Ill., and Zell G. Roe, of Des Moines, Iowa, for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. The patent to Faries, No. 779,271, relates to a jar and dipper for serving crushed fruit, etc. Claims 3, 4, and 5, held valid and infringed, read as follows:

"3. The combination of a jar, a cover for the jar, a rod extending below the cover, a dipper on the lower end of the rod, with its dipping edge extended away therefrom, and a handle above the cover, rigidly connected with the rod and shaped to aid in lifting the dipper in a proper filling and emptying position.

"4. The combination of a jar having a wide mouth, a cover for the mouth of the jar, a rod attached to the cover and extended downward therefrom, and a dipper on the lower end of the rod, inclined to the rod at such an angle that, when the rod is against a side of the mouth of the jar, the dipper may be made to assume an approximately horizontal position.

"5. The combination of a jar having a wide mouth, a cover for the mouth of the jar, a rod attached to the cover and extended obliquely downward

therefrom, and a dipper on the lower end of the rod. inclined to the rod at such an angle that the dipper may be made to assume an approximately horizontal position inside the jar."

[1] Unquestionably the patent .is very narrow. Only the precise form of construction described in each claim is protected. No wide range of mechanical equivalents can be indulged in. So construing the claims of the patent, we conclude that claim 3 is not infringed, because neither the last-named element, "and a handle above the cover rigidly connected with the rod and shaped to aid in lifting the dipper. in a proper filling and emptying position," nor its mechanical equivalent, appears in the appellant's structures.

As to claims 4 and 5 an examination of the file wrapper is instructive. As first presented, patentee sought a patent covering, among other claims:

"The combination of a jar, a cover for the jar, a dipper adapted to be inserted into the jar, and a connection between the dipper and the cover."

Upon a division being ordered, and with several patent citations confronting him, applicant amended his specifications by inserting:

"One object of the invention is to provide a jar and dipper so shaped and proportioned that the dipping edge of the dipper may be presented downward to receive a filling of the contents of the jar, and the dipper may be raised in an approximately horizontal position by placing the back of the dipper rod against a side of the mouth of the jar."

And also:

"By making the bottom of the jar concave and shaping the ladle to conform in a general way to the concave surface, the entire contents of the jar may be readily removed."

Patentee struck from his specifications the language:

"One object of the invention is to provide a jar with a combined cover and dipper so disposed that the cover will always be on when the dipper is in," and

"Another object is to provide means for sustaining the jar in a vertical position, and still another object is to provide a readily attachable label plate to designate the contents of the jar."

Claims covering generally the combination of the jar, the cover, and the dipper, with the latter two connected, were withdrawn after the broadest claim heretofore quoted was rejected.

Novelty, if any exists in claim 4, resides in the combination by virtue of the last clause of the claim describing the angle formed by the attachment of the dipper to the lower end of the rod. In view of the use of the word "oblique" in claim 5, the word "downward" in claim 4 may well be construed as meaning perpendicular to the cover. It seems to us that the element, "and a dipper on the end of the rod inclined to the rod at such an angle that when the rod is against a side of the mouth of the jar the dipper may be made to assume an approximately horizontal position," is so indefinite and vague as to necessitate rejection of this claim.

[2] A patent is the creature of the statute. The terms and conditions upon which the grant is made are fixed by the statute. Section 9432, Compiled Statutes 1918, requires the inventor to set forth his claims in "such full, clear, concise, and exact terms as to enable any person skilled in the art * * * to make, construct, compound, and use the same." What is not claimed distinctly in the invention, the public possesses. A patent is sustained, not for what the inventor may have done in effect, but what is pointed out clearly and distinctly in his open letter. White v. Dunbar, 119 U. S. 47, 51, 7 Sup. Ct. 72, 30 L. Ed. 303; McCarty v. Lehigh Valley R. Co., 160 U. S. 110, 116, 16 Sup. Ct. 240, 40 L. Ed. 358; Proudfit Looseleaf Co. v. Kalamazoo Looseleaf Binder Co., 230 Fed. 120, 140, 144 C. C. A. 418; Houser v. Starr, 203 Fed. 264, 267, 121 C. C. A. 462; National Cash Register Co. v. Gratigny, 213 Fed. 463, 467, 130 C. C. A. 109; Harder et al. v. United States Piling Co., 160 Fed. 463, 466, 87 C. C. A. 447; Avery & Sons v. J. I. Case Plow Works, 148 Fed. 214, 218, 78 C. C. A. 110.

While we may give liberal construction to the language used to protect the inventor, we cannot rewrite the claim, or insert an element or modify an element in the combination upon which alone validity depends. Words that describe a result may, of course, be adjective in character, that is, modifying in meaning, yet they must be definite and understandable. In this claim the words last quoted describe an angle formed by the rod and the dipper. Just what angle may not necessarily be defined, provided it is ascertainable by placing the rod against the mouth of the jar and the dipper assume a horizontal position. Unfortunately for claims 4 and 5, almost any angle will meet this test, especially if the mouth of the jar be made wide enough and the position of the dipper at the bottom of the jar be changed.

Had applicant included in the combination a jar with a concave bottom, and the dipper so attached to the lower end of the rod that it would fit in the concave bottom of the jar (such as was contemplated by the amended specifications), and the other elements appeared, a different question would have been presented.

In claim 5 the rod extends obliquely downward and the dipper on the lower end of the rod is inclined at such an angle that it may be made to assume an approximately horizontal position inside the jar. Here again the angle formed by the attachment of the dipper to the rod may vary widely and the described results still be obtained, provided the mouth of the jar be relatively large or the operator change the position of the dipper.

Nor can we ignore the prior art, even though no exact anticipation appears therein. Wettstein, in his patent, No. 356,514, covered a combination quite similar in purpose and in construction. In his specifications he says:

"My invention relates to a device for measuring and conveying liquids and small loose solid substances from one bowl or receptacle into another in an easy manner, and to provide a suitable covering for the same where required—such as cream or milk pitchers, sugar bowls, or other receptacles containing liquid or solid food—the object being to exclude impurities and also flies and

other insects and vermin therefrom; another object of the device being that it is so constructed that, when the spoon or scoop is replaced into its proper receptacle, the cover is placed thereon at the same time, where said scoop is used in combination with the cover."

White secured a patent covering caps and spoons for mustard bottles. His top and his spoon were attached. Necessarily the dipper and the rod constituting the spoon formed an angle, and whether the dipper was "approximately horizontal" would depend upon the position of the rod at its place of connection with the top. Likewise the width of the mouth of the container necessarily determined to a certain degree whether the dipper would assume a horizontal position.

As the pre-empted field excluded patentee from the claims by him first made, and later withdrawn after rejection by the Patent Office, and as his advance, as set forth in his claims, is represented by the use of jars with a wide mouth (the indefinite and uncertain angle formed by the attachment of the rod and the dipper adding nothing), we must hold claims 4 and 5 invalid.

The decree is reversed, with costs, with directions to dismiss the bill.